**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MARCUS JOSEPH WILLIAMSON** | **CIVIL ACTION NO. 3:25-1594** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **PARISH OF LAFAYETTE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Marcus Joseph Williamson, a prisoner at Riverbend Detention Center ("RDC") proceeding *pro se* and *in forma pauperis*, filed this proceeding on approximately October 20, 2025, under 42 U.S.C. § 1983.  He names the following Defendants: Captain Marton, Captain Frost, the warden of Lafayette Parish Correctional Center ("LPCC"), the warden of RDC, the CEO of Jackson, ELMS, the State of Louisiana, Dr. Vays, Judge Garrett, Eastern Louisiana Mental Health System, Vays Sanket, Madonna Bryant, Toni, Lott, John Ghio, Clerk's Office, Cynthia Spadoni, Carencro Sheriff's Office, Public Defender's Board, and unknown captains, sheriffs, clerks, nurses, doctors, correctional officers, lieutenants, and sergeants.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that when he was transferred from LPCC to RDC, someone stole all of his property.  [doc. # 8, p. 1].  He lost paperwork, legal mail, food, cigarettes, writing tablets, pens, personal mail, phone numbers, clothing, a cup, and a bowl.  *Id.*  Plaintiff seeks a copy of

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

surveillance video to discover who stole his paperwork, as well as the "names of every person" who works at LPCC and RDC.  *Id.* at 1-2.

Plaintiff claims that a sheriff deputy at RDC gave him his medication.  [doc. # 17, p. 2]. He maintains that sheriff's deputies are not licensed to give out medication.  *Id.*

Plaintiff claims that Captain Marton told him not to tell the mail lady how to do her job. [doc. # 17, p. 2].

Plaintiff claims that Judge Garrett "broke codes of judicial conduct" and violated his constitutional rights.  [doc. # 17, p. 2].  He also claims: "Judge Valerie Gotch Garrett, plus double jeopardy is being omitted with illegal detainer . . . ."  *Id.* at 4.

Plaintiff claims that officials at RDC delete ARPs whenever they want.  [doc. # 17, p. 3].

Plaintiff claims: "Also case number 178560, in Lafayette Parish Courthouse the D.A. and the Judge Cynthia Spadoni also is in violation of Mr. Williamson's 5th Amendment, Self incrimination because they are using information that was gathered from the illegal order from Judge Valerie Gotch Garrett, omitting Mr. Williamson, illegally in Eastern Louisiana Mental Health System, when nothing was mentally wrong with Mr. Williamson, my name was slandered, and illegally sent to jail for an illegal sentence of 18 years . . . [sic]."  [doc. # 17, p. 4].

Plaintiff claims: "The whole time in 2023 when I was arrested the mental health doctors was [sic] used as hit men, and women, and plus the stealing/theft of my credit for time served. The medicine I was illegally put on illegally messed my kine [sic], and I have high blood pressure, plus high cholesterol, plus acid reflux, and my skin always feels like fleas are biting me in this dirty place. [sic]."  [doc. # 17, p. 4].

Plaintiff claims that judges and district attorneys violated his rights under the Eighth Amendment "by excessive bail, time, as well as cruel and unusual punishment . . . ."  [doc. # 17, p. 5].

Plaintiff alleges that Captain Frost is mean and a very bad man.  [doc. # 8, p. 2]. Plaintiff goes on to allege illegal orders, assault, that he was maced and called names, that he suffered trauma, that he suffered loss of family time, that he lost paperwork, food, clothing, and other personally property, that he suffered disrespect, that he endured unconstitutional plots, that someone destroyed his original certified mail, that a mail lady read his mail, that everyone destroyed his mail, that individuals breached D.O.C. rules and regulations, that his diet at RDC is not up to par because he does not receive fruit, that his food is cold, that he does not see his children often, that they put him in a cell for over thirty days for not filing the offender handbook, that he is refused cleaning supplies every day, that there are toxins in his cell and mold on the floor, that there is a hole in the wall, that he is missing a flash drive, that Defendant Ghio gave him fake docket numbers, that a sheriff's office illegally changed his booking dates, that Judge Garrett had an interest in his case and weaponized the court, that Judge Garrett tried to have him mutilated, that Judge Garrett sealed a case, that his identity was stolen, that Judge Garrett told a jury that he had four attorneys, that District Attorney Holden introduced an article at trial which was not in Plaintiff's discovery pack, that he is entitled to common law jurisdiction, that he has a trademark and copyright, that he is a living soul, that he is an agent with the power of attorney to represent the secured party, that he suffered commercial fraud, and that his 13th and 14th Amendment rights were violated due to post civil war issues.  [doc. # 17, pp. 5-10].

For relief, Plaintiff seeks $12,000,120,000.00.  [doc. # 6, p. 3].

**<u>Law and Analysis</u>**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra.*  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level."  *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).  "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights

5

complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Stolen Property**

Plaintiff claims that when he was transferred from LPCC to RDC, someone stole all of his property. [doc. # 8, p. 1].

A post-deprivation tort cause of action in state law is, under the *Parratt/Hudson*[3] doctrine, sufficient to satisfy the requirements of due process when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized."[4] *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (*quoting Hudson*, 468 U.S. at 533-35). Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (citing Louisiana Civil Code Article 2315 and observing that "Louisiana law

---

[3] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

[4] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).

Plaintiff does not allege that he was deprived of his property by anyone acting under an official policy, custom, or procedure.[5] Thus, the *Parratt-Hudson* doctrine forecloses his claim. Plaintiff should, if he wishes, pursue relief under state law in state court because Louisiana law provides adequate remedies for this alleged conduct.

The Court should dismiss this claim.

### 3. Medical Care

Plaintiff claims that a sheriff deputy at RDC gave him his medication. [doc. # 17, p. 2]. He maintains that sheriff's deputies are not licensed to give out medication. *Id.* Plaintiff, however, does not state that he suffered any injury or damage from this practice. Regulation of medication dispensing is not within the province of Section 1983. The Court should dismiss this

---

[5] *See Foster v. Graves*, 2010 WL 3724314, at *5 (M.D. La. Aug. 10, 2010), *report and recommendation adopted,* 2010 WL 3724195 (M.D. La. Sept. 16, 2010) ("[I]t appears . . . that a random and unauthorized deprivation did in fact occur, not when officials initially seized his property pursuant to presumably valid warrants, but when officials retained the plaintiff's seized property and neither returned it to him nor disposed of it in accordance with the statutory procedures set forth in La. R.S. 15:41. . . . Further, the random nature of the defendants' conduct is apparent because . . . the pertinent statutes envision that seized property will be held and safeguarded pursuant to the valid search warrant(s) and in furtherance of ongoing or anticipated criminal proceedings, and will not be held adverse to the owner's interest. And such non-adverse possession can indeed last for a long time, even years, given that the State is entitled to retain the property until all delays for appeal, post-conviction and habeas review have elapsed, and the property is no longer needed for any potential retrial upon reversal or remand. . . . Accordingly, it is not to be anticipated that government officials have taken or will take adverse possession of the subject property, nor is it to be anticipated when they might do so. And finally, if the judge determines to dispose of the seized property, procedural protections are routinely provided because the judge will, in most instances, direct that a public sale or auction be conducted, La. R.S. 15:41(2)(a), which procedures include procedural protections in the form of publication and notice.").

claim.

### 4. Verbal Chastisement

Plaintiff claims that Captain Marton told him not to tell the mail lady how to do her job. [doc. # 17, p. 2].

Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under Section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar*, 112 F.3d at 191. "[M]ere allegations of verbal abuse or epithets, reprehensible though they may be, do not amount to a cognizable constitutional violation under Section 1983." *Matthews v. LeBlanc*, 2022 WL 2951759, at *1 (5th Cir. July 26, 2022).

Plaintiff does not state a claim of constitutional dimension. The Court should dismiss this claim.

### 5. Judicial Misconduct

Plaintiff claims that Judge Garrett "broke codes of judicial conduct" and violated his constitutional rights. [doc. # 17, p. 2]. He also claims: "Judge Valerie Gotch Garrett, plus double jeopardy is being omitted with illegal detainer . . . [sic]." *Id.* at 4. Plaintiff does not state a claim of constitutional dimension. He does not identify the codes of conduct or constitutional provisions Judge Garrett allegedly breached, and his latter claim is nonsensical. The Court should dismiss these claims.

### 6. Deleting Grievances

Plaintiff claims that officials at RDC delete ARPs whenever they want. [doc. # 17, p. 3].

A prisoner, however, does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claim.

## 7. Remaining Allegations

The lion's share of Plaintiff's amended pleading amounts to a stream-of-consciousness mélange complete with formulaic recitations of causes of action, vague references to constitutional provisions, inscrutable sentence fragments, and ill-contrived allegations lacking adequate explanation or background. The Court should therefore dismiss Plaintiff's remaining allegations as legally frivolous and for failing to state claims on which relief may be granted.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Marcus Joseph

Williamson's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of June, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge